**Robert V. BAER, Appellant**

v.

**David CHASE; Chase Films, Inc., A Delaware Corporation; DC Enterprises, Inc.**

**No. 05–2425.**

United States Court of Appeals, Third Circuit.

Argued March 7, 2006.

Filed May 1, 2006.

Michael S. Kasanoff, Red Bank, NJ, Harley D. Breite, Wayne, NJ, Robert V. Baer [Argued], Wayne, NJ, for Appellant.

Peter L. Skolnik, Lowenstein Sandler, Roseland, NJ, for Appellees.

Before RENDELL and AMBRO, Circuit Judges, and SHAPIRO, District Judge.[*]

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Plaintiff Robert Baer claims that he is entitled to compensation for suggestions and advice that he gave to defendant Robert Chase on a project that ultimately became the television series *The Sopranos*. We first heard this case in 2004, after the District Court had granted Chase summary judgment on all of Baer's claims. We affirmed in part, but reversed and remanded the order as to Baer's *quantum meruit*, or quasi-contract, claim. On remand, the District Court again granted summary judgment in Chase's favor. Baer now appeals. Because we conclude that the District Court misconstrued our 2004 opinion, we will reverse, grant summary judgment to Baer on the narrow issue before us, and remand.

## I.

The District Court originally concluded that Baer's quasi-contract claim was time-barred. *Baer v. Chase*, No. 02–CV–2334, 2004 WL 350050, at *9 (D.N.J. Feb. 20, 2004). Baer filed his complaint on May 15, 2002. *Id.* at *1. The parties agreed that, under New Jersey law, a six-year statute of limitations applied, and that Baer's "quasi-contract claim accrued, if at all, when his final services were rendered." *Id.* at *9. Baer testified in a deposition that all of his services were rendered by the end of October 1995. In a later certification accompanying his opposition to Chase's motion for summary judgment, however, Baer claimed that his deposition testimony was "mistaken," and that the last service that he rendered was a letter, dated February 10, 1997, offering Chase feedback on a draft *Sopranos* script.[1] *Id.*

---

[*] Honorable Norma L. Shapiro, Senior Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

1. Chase had sent the draft script to Baer for comments fourteen months earlier, in December 1995. Baer's letter was fourteen paragraphs long, with seven paragraphs devoted to commentary on Chase's draft script. Baer offered mostly positive feedback, commending Chase for " 'transform[ing] an innovative idea into a marvelous screenplay.' " *Baer v. Chase*, No. Civ. A. 02–2334, 2005 WL 1106487, at *8 (D.N.J. Apr.29, 2005) (quoting Baer's February 10, 1997 letter). He discussed various aspects of the draft script, including the narrative device, the characters, the dialogue between "Tommy Soprano" and "Melfi" and the alliance between Soprano's mother and uncle. Baer expressed some initial reservations, but ultimately concluded that the script was well done and praised Chase for his efforts. *Id.* The remaining paragraphs of the letter described events in Baer's life over the fourteen months since he and Chase had last communicated, mentioned a script that Baer was planning to send Chase for critique, and noted Baer's hope that he and Chase might meet up for a meal if Baer returned to Los Angeles. *Id.* at *7.

The District Court declined to consider Baer's certification because it conflicted with sworn testimony, and was thus a "sham affidavit." *See id.* at \*9 (citing *Martin v. Merrell Dow Pharms., Inc.*, 851 F.2d 703, 705–06 (3d Cir.1988) (holding that a district court may disregard a subsequent affidavit where the changed testimony regards subject of "considerable importance" and is "the subject of repeated questioning")). It accordingly concluded that Baer's services were last rendered as of October 1995, and granted summary judgment to Chase. *Baer*, 2004 WL 350050, at \*9.

On appeal, we disagreed with the District Court's refusal to consider the February 10, 1997 letter, believing that the situation was distinguishable from that presented in *Martin*, and held that the District Court "should have analyzed the letter and the circumstances surrounding it and Baer's certification when ruling on the summary judgment motion on the statute of limitations issue." *Baer v. Chase*, 392 F.3d 609, 626 (3d Cir.2004). We reversed the grant of summary judgment on this claim, and remanded "the question of whether Baer presented a timely and otherwise valid quasi-contract claim." *Id.*

Along the way, however, we provided additional commentary on the parties' arguments and instructions to the District Court in two footnotes.[2] In footnote 5, we addressed Chase's alternative arguments. Chase argued that the letter could not be considered a compensable service as a matter of law because it "had no value" to him; according to Chase, "it contained only cursory observations and laudatory phrases about his work." *Id.* at n. 5. We disagreed, and cautioned the District Court not to view the letter in isolation in analyzing whether it was the "last service

rendered" for statute of limitations purposes:

> Chase premises his argument on the assumption that in analyzing the statute of limitations for *quantum meruit* purposes we should dissect the last service rendered to deem if it provided value to the opposing party.
>
> We will not affirm the summary judgment on that basis. First, Baer's letter describes the aspects of the screenplay that he believes were successful, the parts to which he related personally, and what humor worked, and provided encouragement to continue with the project.... We will not write these contributions off, as Chase attempts to do, as "empty flattery."
>
> Additionally, we will not dissect each interaction between litigants to quantify the precise value of each correspondence or service rendered. *The exchange of ideas and services should not be viewed as incremental, segregable interactions that we can assess individually for purposes of the statute of limitations.* A separate issue would arise if a litigant sent a correspondence or rendered a "sham service" in an attempt to avoid the statute. That situation, however, does not describe the circumstances before us. We will not engage in Chase's request to judge whether the February letter, taken in isolation, was a "compensable service." We are satisfied that Baer sent the letter and Chase received it, and thus at least at this time it will serve as the "last service rendered" for purposes of the statute of limitations calculus.

*Id.* (emphasis added).

In footnote 6, we declined to order the District Court to enter summary judgment

---

2. We note at the outset that our dissenting colleague disagrees as to the meaning and import of these footnotes, and we recognize that reasonable minds could easily do so.

on the timeliness issue in Baer's favor. We noted that Baer had not moved for summary judgment in the District Court, and explained our ruling as follows:

> [W]e go no further with respect to the statute of limitations issue than to hold that the district court should not have disregarded Baer's certification and it should have considered the February 10, 1997 letter. Therefore our analysis in *supra* note 5, will not preclude the district court on a fuller examination of the facts from coming to a conclusion contrary to ours as we write on the point merely for the limited purpose of addressing Chase's argument that we should affirm the summary judgment on a different basis than that of the district court.

*Id.* at n. 6.

On remand, the District Court concluded that we had instructed it to reconsider the timeliness of Baer's claim, although it noted that the footnotes in our opinion had "confused the matter." *Baer v. Chase*, No. Civ. A. 02–2334, 2005 WL 1106487, at *4 (D.N.J. Apr.29, 2005). In addressing this issue, the District Court found that the "basic question to be answered" was "whether the February 10, 1997 letter amounts to a rendition of services." *Id.* at *8. The Court analyzed the contents of the letter and found that it did not amount to a "service" because it did not "confer a benefit" to Chase. *Id.* at *9. Accordingly, it once again concluded that Baer's cause of action accrued no later than October 1995, and that it was time-barred. The District Court again granted summary judgment in Chase's favor. *Id.*

## II.

We believe that the District Court misunderstood our last opinion. While we remanded "the question of whether Baer presented a timely and otherwise valid quasi-contract claim," *Baer*, 392 F.3d at 626, we did so with a clear admonition that the District Court was not to consider the value of the letter in isolation.[3] On remand, however, it did just that. The District Court focused solely on whether the February 10, 1997 letter itself provided something of value, rather than considering whether there was some factual basis for concluding that it should not constitute the last service rendered. This approach distorts the statute of limitations analysis. Although a service must confer value to be compensable under a *quantum meruit* theory, examining the benefit conferred by the last act tests the *merits* of the claim, not the date that the cause of action accrued for purposes of the statute of limitations. The issue for statute of limitations purposes is *when* the last service-regardless of its value—was rendered or performed in good faith.[4]

In footnote 5 of our last opinion, we examined and rejected Chase's argument that the letter was not a "service" as a matter of law. *Id.* at n. 5. In footnote 6, we stated that our analysis in footnote 5 would "not preclude the district court *on a fuller examination of the facts* from coming to a conclusion contrary to ours." *Id.* at n. 6 (emphasis added). By this we left open the possibility that different facts might come to light demonstrating that the letter was not a service rendered. We

---

**3.** The dissent takes us to task for assuming that our reference to "we" in footnote 5 was a directive to the District Court. The footnote did convey our view of how the letter should be analyzed, but we would expect our view to be heeded on remand.

**4.** The dissent contends that the "measure" of a service is whether it confers "value." We agree; value is the *measure* for purposes of proving a *prima facie* claim. However, value is *not* determinative of whether, or when, a service was rendered, and therefore has no place in the analysis of when a claim accrued for purposes of the statute of limitations.

simply made it possible for the District Court to consider facts or alternative theories that were not before us.[5]

Having reviewed the record, however, we conclude that the parties did not adduce any new facts on remand that would undermine the view that February 10, 1997 was the date of the last service rendered by Baer. The three new certifications that Chase introduced did little more than establish a timeline of events surrounding Chase's receipt of Baer's letter. *See* App. 1225–56. These events speak only to the *value* or *usefulness* of the letter to Chase, not to its status as part of the services rendered.[6] As we noted in our last opinion, "we will not dissect each interaction between litigants to quantify the precise value of each correspondence or service rendered." *Baer*, 392 F.3d at 626 n. 5. Examining Baer's course of conduct as a whole, we see no reason why the February 10, 1997 letter should not be considered the last step taken in the services that he rendered. Thus, we once again conclude that the February 10, 1997 letter was the "last service rendered" for purposes of the statute of limitations, and that Baer's quasi-contract claim was timely.

## III.

In light of the foregoing, we will reverse the District Court's order granting summary judgment to Chase, direct the Court to enter summary judgment in favor of Baer on the statute of limitations issue, and remand for further proceedings consistent with this opinion.

AMBRO, Circuit Judge, dissenting.

I empathize with Judge Pisano's predicament (and soon to be frustration). To review, on summary judgment Judge Pisano ruled against Baer on each of his claims—ten in all. Our Court affirmed all that Judge Pisano did except for the quasi-contract claim. We remanded that issue to the District Court for consideration of the February 10, 1997 letter that Baer wrote to Chase fourteen months after Chase sent Baer a script that, by 1997, was several stages more developed. In so doing, our Court (per another panel) told Judge Pisano to "analyze[ ] the [February 10, 1997] letter and the circumstances surrounding it ... when ruling on the summary judgment motion on the statute of limitations issue." *Baer v. Chase*, 392 F.3d 609, 626 (3d Cir.2004) (*"Baer I"*). Our Court then added two footnotes (5 and 6) that "confused the matter." *Baer v. Chase*, 2005 WL 1106487, at \*4 (D.N.J. 2005) (*"Baer II"*). As the District Court noted,

> [t]he Court of Appeals, in Note 5, declines to address the merits of Chase's substantive defenses raised in the alternative to the quasi-contract claim. However, in doing so the Court appears to discuss and dismiss those very arguments. Moreover, when the Court of Appeals writes that "at least at this time [the February

---

5. We allowed that "a separate issue would arise" if Chase had produced evidence on remand that Baer had sent the letter "in an attempt to avoid the statute." *Baer*, 392 F.3d at 626 n. 5. For example, Chase might have shown that he had specifically told Baer not to respond to the script, but that Baer wrote the 1997 letter anyway to bring his claim within the statute of limitations. Under such circumstances, the District Court could have

granted summary judgment to Chase in keeping with our opinion.

6. In connection with its assessment of the potential usefulness of the letter to Chase, the District Court concluded that the letter arrived "too late." However, the evidence establishes that the letter arrived just as Chase was re-working his script to submit it to HBO.

10, 1997 letter] will serve as the 'last service rendered' for purposes of the statute of limitations calculus," it appears to conclude that this [District] Court *need not* determine whether the quasi-contract claim was timely. In light of Note 6, however, it is apparent that the Court of Appeals made no such conclusion.... [It] clarifies that it did not intend to rule on Chase's alternative arguments [as to the statute of limitations barring Baer's *quantum meruit* claim even with the February 10, 1997 letter in evidence] because they were not the subject of ... [the District] Court's prior opinion. Moreover, the Court of Appeals acknowledges that this Court is free to accept Chase's alternative arguments upon fuller examination "with respect to the statute of limitations issue."

*Id.* at *5–6 (emphasis in original).

I agree with this reading of our troublesome footnotes. In note 5 of our prior opinion, we stated (in the context of arguments that had never been presented to the District Court) that *"we* will not dissect each interaction between litigants to quantify the *precise* value of each correspondence or service rendered" because "[t]he exchange of ideas and services should not be viewed as incremental, segregable interactions that *we* can assess individually for purposes of the statute of limitations," and thus since "Baer sent the letter and Chase received it, ... *at least at this time* it will serve as the 'last service rendered' for purposes of the statute of limitations calculus." *Baer I,* 392 F.3d at 626 n. 5 (emphases added). We then made clear in note 6 that our analysis was limited solely to *our* consideration of these arguments "for the limited purpose of addressing Chase's argument that we should affirm the summary judgment on a different basis than that of the district court." *Id.* at 626 n. 6. We went out of our way to state

that our holding went "no further with respect to the statute of limitations issue than to hold that the district court should not have disregarded Baer's certification and it should have considered the February 10, 1997 letter," but that the District Court was, upon "a fuller examination of the facts," free to reach "a conclusion contrary to ours" on the issue of whether the letter was the last service rendered. *Id.*

I think the District Court's interpretation of these convoluted instructions—that our *dicta* regarding whether the letter was the last service rendered was tentative, intended solely to dispose of the arguments prematurely raised on appeal, and that, upon a proper motion for summary judgment on remand, the District Court could consider the factual record and come to its own conclusion—is both entirely reasonable and fully consistent with what it did. Alas, my colleagues in the majority do not agree. They believe that what our Court did in its prior opinion was to "conclude that the February 10, 1997 letter was the 'last service rendered' for purposes of the statute of limitations, and that Baer's quasi-contract claim was timely."

In reaching this conclusion, my majority colleagues decide that the District Court should not have "examin[ed] the benefit conferred by the last act" because to do so "tests the *merits* of the claim, not the date that the cause of action accrued for purposes of the statute of limitations" (emphasis in original). This is the second source of my disagreement with the majority opinion. In my view, determining whether an act is the last service rendered for purposes of the statute of limitations requires some consideration of the "merits" of the claim. This analysis is consistent with the limited nature of the statute of limitations inquiry and does not impermissibly intrude on the plaintiff's case-in-chief.

To recover on a quasi-contract theory under New Jersey law, a plaintiff must

prove that: (1) he performed services in good faith; (2) the intended beneficiary accepted the services; (3) he had a reasonable expectation of compensation for the services rendered; and (4) the value of the services is reasonable. *Goldberger, Seligsohn & Shinrod, P.A. v. Baumgarten,* 378 N.J.Super. 244, 875 A.2d 958, 964 (2005). As noted in our first opinion in this case, New Jersey's six-year statute of limitations for recovery in *quantum meruit* runs from the date of the "last rendition of services." *Baer I,* 392 F.3d at 622–23 (citing cases). A "service" in this context is not simply any action that one party directs at another. Rather, in New Jersey and elsewhere, the measure of a "service" is whether the act confers "value" on the intended beneficiary. *See Friedlander v. Gross,* 63 N.J.Super. 470, 164 A.2d 761, 763 (N.J.App.Div.1960) (noting that it was "elementary that plaintiff was not entitled to recover [in *quantum meruit* ] the fair value of the work done . . . since the work . . . had no value to the defendant"); *see also Midcoast Aviation, Inc. v. Gen. Elec. Credit Corp.,* 907 F.2d 732, 745 (7th Cir. 1990) ("The correct measure for *quantum meruit* recovery is expressed by the amount which the court considers defendant has been unjustly enriched at the expense of plaintiff. . . . [This] is generally the lower of these two: the economic cost to plaintiff of providing a benefit or the economic enrichment of defendant in receiving it.").

The majority relies on our statements in *Baer I*—that "we will not dissect each interaction between litigants to quantify the precise value of each correspondence or service rendered" because "[t]he exchange of ideas and services should not be viewed as incremental, segregable interactions that we can assess individually for purposes of the statute of limitations," and thus since "Baer sent the letter and Chase received it, . . . at least at this time it will serve as the 'last service rendered' for purposes of the statute of limitations calculus," 392 F.3d at 626 n. 5—for its holding that the District Court was constrained (absent some new evidence that Baer's letter was a sham or, perhaps, never sent at all) to find that the letter was the last service rendered. But not only were our statements in *Baer I dicta* (since none of these arguments had been presented to the District Court), they were not supported by citations to New Jersey law.

As I read New Jersey law, the statute of limitations runs from the date of the last rendition of services, and this requires some consideration of whether an act was a "service" as that term in understood in the context of quasi-contracts. I thus do not agree with the majority's statement that "[t]he issue for statute of limitations purposes is *when* the last service—regardless of its value—was rendered or performed in good faith" (emphasis in original), because in New Jersey an act is not a "service" unless there was some value to begin with.[7]

To be sure, our *dicta* in *Baer I* that the determination of whether an act qualifies as a "service" for purposes of the statute of limitations cannot be made in isolation is, to some extent, correct. But in my view the statement merely establishes the unremarkable, common-sense proposition that one cannot isolate a particular act (in

---

7. Obviously, I disagree with the majority's statement that "value is *not* determinative of whether, or when, a service was rendered, and therefore has no place in the analysis of when a claim accrued for purposes of the statute of limitations" (emphasis in original). To be sure, as I explain below, consideration of whether the value conveyed by a service resulted in unjust enrichment is only relevant when considering the merits of a claim for *quantum meruit* recovery. But in deciding whether an act is a "service" in the first place, the existence of *some* value is (I think) the determinative factor.

this case, Baer's February 1997 letter) and determine whether it conveyed some value on the recipient without reference to anything that came before in the parties' relationship. It would be wrong, for example, if the District Court treated the two parties as strangers and the letter as a segregable act devoid of context. The District Court did not commit such an error. It merely (and properly, I submit) looked to the substance of the letter and the circumstances surrounding its receipt to determine whether, in light of all that came before in the parties' relationship, it constituted a "service" that had some "value" to Chase such that it could be counted as the start of the limitations period. The District Court certainly did not, as Baer suggests in his brief, treat the letter "as though Baer was a stranger to Chase who had lifted the script out of a trash can and sent out an unsolicited critique." Appellant's Br. at 53.

Yet the majority faults the District Court nonetheless, and in doing so takes our *dicta* in *Baer I* a step further than I would. In the majority's view, because Baer and Chase had some prior relationship, it makes no difference at this stage whether Chase obtained any value from the letter (and thus whether it was a "service" rendered to Chase); such an inquiry, we are told, would pre-judge the "merits" of this case. This is, I think, more akin to a "last act" test than a "last service rendered" test. Indeed, under the majority's reasoning, I find it difficult to conceive of an act that would *not* serve as the "last service rendered" for statute of limitations purposes, as long as, at some time over the course of the parties' dealings, one performed a service for the other.

I do not, of course, mean to suggest that the full merits of Baer's claim must be litigated for a court to determine whether his claim is timely. We do not need to know, for example, whether the value Chase received, if any, caused unjust enrichment, which is the touchstone of *quantum meruit* recovery. *See Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 608 A.2d 280, 285–86 (1992). But that is far from saying we do not need to know if Baer's final alleged act was a "service" at all. The District Court appropriately analyzed this question, and I do not read *Baer I* to foreclose such consideration.

I am persuaded that the District Court was entitled to consider the value of the letter to Chase in order to determine whether the limitations period began in February 1997 or earlier. The Court concluded that Baer's February 1997 letter to Chase was not the last service rendered; indeed, it was not a "service" at all because it arrived far too late to be of any use to Chase. In keeping with our instruction that the District Court could reach such a conclusion "on a fuller examination of the facts," *Baer I*, 392 F.3d at 626 n. 6, it considered additional certifications by Chase, and Baer submitted no new facts. Upon that record, I do not see how the Court could have avoided denying Baer's motion for partial summary judgment on the statute of limitations issue—especially since, on consideration of such a motion by Baer, all facts were to be viewed in the light most favorable to Chase. I surely do not think the Court's "fuller examination of the facts" was so deficient as to merit reversal. For these reasons, I respectfully dissent.